James D. Greene, Eq.
Nevada Bar No. 2647
**GREENE INFUSO, LLP**
3030 South Jones Blvd., Suite 101
Las Vegas NV 89146
Telephone: (702) 570-6000
Email: jgreene@greeneinfusolaw.com

Jack A. Raisner (*pro hac vice forthcoming*)
New York Bar No. 1932953
René S. Roupinian (*pro hac vice forthcoming*)
New York Bar No. 4138889
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:    (212) 245-1000

Attorneys for Plaintiff and aggrieved employees

*E-filed:  February 11, 2019*

**UNITED STATES BANKRUPTCY COURT
FRO THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No BK-19-50130-BTB |
| DOUBLE JUMP, INC. et al.,[1] | Chapter 11 |
| Debtor. | Joint Administration Requested |
| JOHN MIRANDA, on behalf of himself and all others similarly situated | **CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 1401 – 1408 et seq.** |
| Plaintiff, | Adversary Proceeding No. |
| v. | |
| DC SOLAR SOLUTIONS, INC., DOUBLE JUMP, INC., DORA DOG PROPERTIES, LLC, DOG BLUE PROPERTIES, LLC; BRANDY BOY PROPERTIES, LLC; 475 CHANNEL ROAD, LLC; PARK ROAD, LLC, 140 MASON CIRCLE, LLC; and DC SOLAR DISTRIBUTION, INC. | |
| Defendants. | |

---

[1] The Debtors in these cases are: DC Solar Solutions, Inc., Double Jump, Inc., Dora Dog Properties, LLC; Dog Blue Properties, LLC; Brandy Boy Properties, LLC; 475 Channel Road, LLC; Park Road, LLC, 140 Mason Circle, LLC, and DC Solar Distribution, Inc.

1

Plaintiff, John Miranda, individually, and on behalf of all aggrieved employees, alleges the following cause of action:

## SUMMARY OF CLAIMS

1. This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendants for damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of Plaintiff's rights under California Labor Code §§ 1400 – 1408 (the "Cal-WARN Act").

2. Plaintiff was an employee of the Defendants and was terminated as part of, or as a result of, mass layoffs ordered by Defendants on or about December 18, 2018. Defendants violated the Cal-WARN Act by failing to give Plaintiff and other similarly situated employees of the Defendants at least 60 days' advance notice of termination, as required by the Cal-WARN Act. As a consequence, Plaintiff and other similarly situated employees of the Defendants are entitled under the Cal-WARN Act to recover from the Defendants 60 days' wages and ERISA benefits, none of which has been paid.

3. On January 30, 2019, Defendants Double Jump, Inc., Dora Dog Properties, LLC; Dog Blue Properties, LLC; Brandy Boy Properties, LLC; 475 Channel Road, LLC; Park Road, LLC, 140 Mason Circle, LLC each commenced a case in this Court by filing a petition for relief under chapter 11 of the Bankruptcy Code.

4. On February 3, 2019, Defendants DC Solar Solutions, Inc. and DC Solar Distribution, Inc. each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

5. Defendants have requested joint administration of their bankruptcy cases (Bankr. Case No. 19-50130-btb, ECF No. 23).

6. Plaintiff brings this representative action on behalf of himself and the other similarly situated former employees who worked at, reported to, or received assignments from Defendants' Facilities in California who were terminated without cause, as part of, or as the result of, mass layoffs ordered by Defendants and carried out beginning on December 18, 2018 and within 30 days

**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

2

of that date, who were not provided 60 days advance written notice of their terminations by Defendants, as required by Cal. Labor Code § 1400 *et. seq*.

7. Defendants are an employer under the CAL-WARN Act, and accordingly, are liable to Plaintiff and the putative class members for damages arising from their terminations without proper notice.

## THE PARTIES

### Plaintiff

8. Plaintiff was nominally employed by Defendants' DC Solar Solutions, Inc. entity as a Director of Communications and reported to the Facility located at 4901 Park Road, Benicia, California (the "Benicia Facility") until his termination as part of a mass layoff that began on or about December 18, 2018.

9. Plaintiff was terminated without cause.

10. Plaintiff was terminated without 60 days' written notice.

11. On information and belief, other similarly situated former employees who worked at or reported to the Benicia Facility as well as the Buena Park, California facility (together, the "Facilities") were also terminated on or about December 18, 2018 without cause and without 60 days' written notice.

### Defendants

12. Upon information and belief and at all relevant times, Defendants are and were corporations doing business in the State of California, with at least 100 employees in the state of California.

13. Upon information and belief and at all relevant times, Defendants are and were corporations licensed to do business and conduct business in the State of Nevada.

3

14. Upon information and belief, Defendant Double Jump, Inc. is the parent company of the other Defendants, who are affiliates of each other and who operate from headquarters located at 4901 Park Road, Benicia, California 94510.

15. Upon information and belief, DC Solar Solutions, Inc., DC Solar Distribution, Inc., and DC Solar Freedom, Inc. design, manufacture, and distribute mobile solar generators and related products for sale in the United States.

16. Upon information and belief, Double Jump, Inc. holds 100% of the stock in DC Solar Solutions, Inc. and DC Solar Distribution, Inc., as well as six limited-liability companies which primarily hold real estate assets (both commercial and residential) for rent or lease, being Dog Blue Properties, LLC; Dora Dog Properties LLC; Brandy Boy Properties, LLC; 475 Channel Road, LLC; 140 Mason Circle LLC; and Park Road LLC.

17. Under the Cal-WARN Act, Cal. Labor Code § 1400(b), an "Employer" means any person, as defined by Section 18, who directly or indirectly owns and operates a covered establishment. A parent corporation is an employer as to any covered establishment directly owned and operated by its corporate subsidiary.

18. Upon information and belief and at all relevant times, Defendants maintained control, oversight, and direction over the operations of the Facilities, including the decision to order the mass layoffs that began on or about December 18, 2018.

19. During all relevant times, Defendants were Plaintiff's employer within the meaning of the Cal-WARN Act.

20. At all relevant times, Defendants comprised a business enterprise that together operated as a single employer.

21. Until on or about December 18, 2018, Plaintiff and all similarly situated employees were employed by Defendants and worked at or reported to the Facilities.

22. Defendants, as a single employer, made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

23. Defendants did not provide Plaintiff or the similarly situated employees with 60 days' notice of their terminations.

4

## JURISDICTION AND VENUE

24. This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

25. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

26. Venue in this Court is proper pursuant to 28 U.S.C. § 1409, 29 U.S.C. § 2104(a)(5).

## CLASS ACTION ALLEGATIONS
## PURSUANT TO CALIFORNIA LABOR CODE § 1404

27. Plaintiff and each person he seeks to represent herein, were discharged beginning on or about December 18, 2018 by Defendants without cause on his or her part and are aggrieved employees.

28. Plaintiff brings this action on his own behalf and, pursuant to the Cal-WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy Procedure (Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure), on behalf of all other similarly situated former employees of Defendants who were terminated beginning on or about December 18, 2018 who worked at or reported to the Facilities until their terminations.

29. On or about December 18, 2018, Defendants terminated Plaintiff's employment as part of a mass layoff which qualifies as an event for which he was entitled to receive to sixty (60) days' advance written notice under the Cal-WARN Act.

30. At or about the time that the Plaintiff was discharged, Defendants ordered the layoff of approximately 75 other employees (the "Other Similarly Situated Former Employees") at the Facilities.

31. Pursuant to the Cal-WARN Act, Plaintiff maintains this claim on behalf of each of the other similarly situated employees and for their own benefit.

32. Each of the other similarly situated employees are similarly situated to the Plaintiff in respect to his or her rights under the Cal-WARN Act.

**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

33. Defendants were required by the Cal-WARN Act to give the Plaintiff and each of the similarly situated employees at least sixty (60) days prior written notice of their respective terminations.

34. Prior to the ordering of their terminations, neither the Plaintiff nor the similarly situated employees received written notice that complied with the requirements of the Cal-WARN Act.

35. Defendants failed to pay Plaintiff and the similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA with respect to them for sixty (60) days from and after the dates of their respective terminations.

### **CLASS ACTION ALLEGATIONS-- RULE 7023 (a) and (b)(3)**

36. Plaintiff asserts this claim on behalf of himself and similarly situated employees pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure made applicable by Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy Procedure.

37. Plaintiff and the similarly situated employees constitute a class within the meaning of Fed. R. Bankr. P. Rules 7023(a) and (b)(3) (the "Class").

38. Common questions of law and fact are applicable to all members of the Class.

39. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the Cal-WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at or reported to the Facilities; Defendants terminated the employment of all the members of the Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the Cal-WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

40. The Class meets the requirements of Fed. R. Civ. P. 23(a) for Class certification.

6

41. Plaintiff's claims are typical of the claims of other members of the Class in that for each of the several acts described above, the Plaintiff is or was an injured party.

42. Plaintiff will fairly and adequately protect and represent the interests of the Class.

43. Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the Cal-WARN Act, class action litigation and bankruptcy court litigation.

44. The Class is so numerous as to render joinder of all members impracticable as there are approximately 75 persons who are included in the Class.

45. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. No Class member has an interest in individually controlling the prosecution of a separate action under the Cal-WARN Act.

47. No litigation concerning the Cal-WARN Act rights of any Class member has been commenced by any other employees than Plaintiff.

48. Concentrating all the potential litigation concerning the Cal-WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the Cal-WARN Act rights of all the Class members.

49. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

50. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

51. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination is contained in the books and records of Defendant.

7

52. As a result of Defendants' violation of the Cal-WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## CALIFORNIA WARN ACT CAUSE OF ACTION

53. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

54. Plaintiff, together with other employees similarly situated who worked at the Facilities, and other "covered establishments", are former "employees," of Defendants as defined in Labor Code § 1400(h).

55. Defendants ordered the termination of Plaintiff's employment and the employment of other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400 on or about December 18, 2018 or thereafter.

56. Defendants are an "employer" as defined in Labor Code § 1400(b).

57. Defendants violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

58. As a result of Defendants' violation of Labor Code § 1401, Plaintiff and the other similarly situated employees are entitled to damages under Labor Code § 1402(a) in an amount to be determined.

8

59. Plaintiff has incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorneys' fees under Labor Code § 1404.

## **THE CLAIM FOR RELIEF**

60. At all relevant times, the Defendants were an "employer," as that term is defined in California Labor Code § 1400(b) and continued to operate as a business until it determined to order a mass layoff at the Facilities.

61. On or about December 18, 2018, the Defendants ordered a "mass layoff," as that term is defined by Cal. Lab. Code § 1400(d) at the Facilities, which were "covered establishments" as defined by Cal. Lab. Code § 1400(a).

62. Plaintiff and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoffs ordered by the Defendants at the Facilities.

63. Defendant was required by the Cal-WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination.

64. Defendants failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the Cal-WARN Act.

65. Defendants failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

66. The relief sought in this proceeding is equitable in nature.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants, jointly and severally:

a) For an order certifying the class that Plaintiff and the other similarly situated former employees constitute a single class;

b) Designation of Plaintiff as Class Representative;

c) Appointment of the undersigned attorneys as Class Counsel;

d) A judgment in favor of Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, health and life insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with Cal. Labor Code § 1402(a);

e) An allowed wage priority claim for up to $12,850 of the Cal-WARN Act claims of Plaintiff and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with Cal. Labor Code § 1402;

f) Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action under Cal. Labor Code § 1404 and as authorized by Cal. Labor Code § 218.5 and any other applicable law providing for attorneys' fees;

10

    g)    Interest as allowed by law on the amounts owed under the preceding paragraphs; and

    h)    Such other and further relief as this Court may deem just and proper.

DATED this 11th day of February, 2019

/s/ James D. Greene
James D. Greene, Eq.
Nevada Bar No. 2647
**GREENE INFUSO, LLP**
3030 South Jones Blvd., Suite 101
Las Vegas NV 89146
Telephone: (702) 570-6000
Email: jgreene@greeneinfusolaw.com

Jack A. Raisner (*pro hac vice forthcoming*)
New York Bar No. 1932954
René S. Roupinian (*pro hac vice forthcoming*)
New York Bar No. 4138889
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:    (212) 245-1000
Email: rsr@outtengolden.com
Email: jar@outtengolden.com

*Attorneys for Plaintiff and aggrieved employees*